THE MIDVALE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31121. Promulgated June 30, 1953.

*J. Marvin Haynes, Esq.*, for the petitioner.
*George J. LeBlanc, Esq.*, for the respondent.

KERN, *Chief Judge:* The petitioner has filed a motion for leave to have oral argument before the Special Division of this Court and the Hearing Judge on petitioner's Motions for Rehearing and to Vacate Decision, filed the same day. The Motion for Rehearing and Motion to Vacate Decision refer to the Findings of Fact and Opinion entered herein on March 31, 1953, and the Decision entered herein on April 17, 1953.

This proceeding involves questions arising under section 722 of the Internal Revenue Code. It was assigned for hearing to a Division of this Court consisting of Judge Opper. See sections 1103 (c) and 1118, Internal Revenue Code. After this case was heard voluminous briefs were filed. On February 18, 1953, the Division which heard this case reported to the Chief Judge its determination of this proceeding, including therein its Findings of Fact and Opinion. See sections 1118 and 1117 (b), Internal Revenue Code. Thereupon, on February 19, 1953, the Chief Judge directed that this report be reviewed by the Special Division of the Court regularly constituted by the Chief Judge pursuant to section 732 (d) of the Internal Revenue Code. The written report of the hearing Division was immediately distributed to the members of the Special Division. Pursuant to notice given by the Chief Judge, the Special Division met on February 26, 1953, and again on March 27, 1953, to consider this report. After reviewing it in the light of the briefs of counsel and considering it at the meetings of February 26 and March 27, the Special Division of the Court approved the report. It was thereupon promulgated and Decision was entered herein pursuant to the Findings of Fact and Opinion of the hearing Division, thus reviewed.

A comparison of section 732 (d) as finally enacted by the Revenue Act of 1942 with the provisions of sections 1117 and 1118 of the Internal Revenue Code indicates that Congress intended that the long-established practice of the United States Board of Tax Appeals and the Tax Court, with regard to the transaction of its business under the latter sections, should be the model for the procedure of the Special Division set up by section 732 (d). "A division of the Board," or Court, obviously refers to "division" as described in sections 1103 (c), 1117, and 1118. The "determinations and redeterminations of any division" of a question arising under section 722 are to be made by one of the regularly established divisions of the Court provided for by section 1103 (c). That determination is to be reported to the Special Division. After it is reviewed and approved by the Special Division,

any decision entered pursuant to the determination thus reported, reviewed, and approved, becomes the decision of the Special Division in the same way as a decision entered pursuant to a report of a division in a non-section 722 case is the decision of the Court after the report has been reviewed by the full Court. The principal difference in procedure between cases involving questions arising under sections 722 and 721 (a) (2) (C) and cases arising under other sections is that all of the cases in the first category are reviewed by the Special Division of the Court, while the cases in the second category are reviewed by the Court only at the discretionary direction of the Chief Judge. However, the statutes contemplate the same kind of review in both categories of cases, and further contemplate that the decisions entered become the decisions of the Special Division, or of the Court by reason of this review (or, in the case of the non-section 722 cases, by reason of the absence of review caused by the action or inaction of the Chief Judge).

The legislative history of section 722 (d) confirms these views. See Seidman's Legislative History of Excess Profits Tax Laws, p. 219. The House Bill contained a section (213 (d)) entitled "Special Division of Board." This title was amended to read "Review by Special Division of Board." The House Bill provided that "* * * determinations and redeterminations provided for in this section shall be made by a Special Division * * *." The Bill, as amended and finally adopted, provided that "The determinations and redeterminations by any division of the Board involving any question arising under section 721 (a) (2) (C) or section 722 shall be reviewed by a Special Division * * *."

Counsel in each case, including those referred to in section 732 (d), have the right to appear before the Division of the Court designated to hear the case, and to present fully their arguments by briefs after the hearings, and in the discretion of the Judge presiding at the hearing to make oral arguments. Rule 35 (a). The Rules of the Court (Rule 35 (d)) provide for the filing of sufficient copies of briefs on section 722 and 721 (a) (2) (C) issues to permit the distribution of one copy to each member of the Special Division in order that the members of the Special Division may review the report of the Hearing Division with full knowledge of the contentions of the parties.

Under this procedure, the Division of the Court designated to hear a case is designated to hear the arguments of counsel if, in its discretion, oral argument is determined to be helpful in supplementing the arguments set out by written briefs. This has always been the practice in non-special relief cases, in which no oral arguments have ever been presented before the full Court at or after its review of a report of a Division, and, as we have indicated, there is no legislative justification for a departure from this procedure in special relief cases.

Accordingly, in so far as it is addressed to the Special Division, the petitioner's Motion for Leave to have Oral Argument before the Special Division and the Hearing Judge on Motions for Rehearing and to Vacate Decision is denied.

Reviewed by the Special Division.